[L. A. No. 23769.   In Bank.   Nov. 25, 1955.]

EL TORO DEVELOPMENT COMPANY, INC. (a Corporation), Appellant, v. COUNTY OF ORANGE, Respondent.

Holbrook, Tarr, Carter & O'Neill, W. Sumner Holbrook, Jr., Francis H. O'Neill and Alexander W. Rutan for Appellant.

Joel E. Ogle, County Counsel, George F. Holden and Stephen K. Tamura, Assistant County Counsel, for Respondent.

TRAYNOR, J.—El Toro Development Co., a California corporation, hereinafter called El Toro, brought an action against the county of Orange (Rev. & Tax. Code, § 5138) to recover taxes paid under protest that were levied against personal property and possessory interest in tax-exempt land

and improvements. Plaintiff appeals from a judgment that it recover nothing.

El Toro had a 571-unit housing project constructed at El Toro Marine Air Base in Orange County on land owned by the United States government that was leased to El Toro for 75 years at an annual rental of $100. The project was built pursuant to the provisions of title VIII of the National Housing Act (12 U.S.C.A. §§ 1748-1748d) and section 522a of title 34 of the United States Code. It was financed to the extent of 90 per cent of its cost by a loan from the Bank of America and to the extent of 10 per cent thereof by a loan from the contractors who built it, and was subleased to military and civilian personnel designated as tenants by the commanding officer at rents regulated by the Federal Housing Administration and the Marine Corps. The loan by the Bank of America is secured by a mortgage on the leasehold insured by the Federal Housing Administration and by a chattel mortgage on all ranges, refrigerators, and garbage disposal units in the project. The lease between El Toro and the government provides: ''That the buildings and other improvements erected by the Lessee, constituting the aforesaid housing project, shall be and become, as completed, real estate and part of the leased premises, and property of the United States, leased to the Lessee to effectuate the purposes of Title VIII of the National Housing Act. . . . That upon the termination of the FHA period (as hereinafter defined),* all ranges, refrigerators, screens, shades, and other items required to be furnished in accordance with the detailed plans and specifications submitted by the Department, and approved by the Commissioner, shall remain on the leased premises and become the property of the Government without compensation; provided, however, that where the Lessee replaces any such items, this Condition . . . shall apply only to the replacement.''

Congress provided that the interest of the lessee is taxable (34 U.S.C.A. § 522e), and the lease provides that the lessee must pay all ''taxes, assessments and similar charges which, at any time during the term of the lease, may be taxed, assessed or imposed upon the Government or upon the Lessee

---

*Paragraph 26(b) of the lease states: ''That as used herein, the term 'FHA period' means the period during which there is a mortgage insured or held by the Commissioner under the National Housing Act covering the interest of the Lessee or the leasehold interest is owned and operated, or otherwise controlled by the Federal Housing Commissioner.''

with respect to or upon the leased premises.'' (See 12 U.S.C.A. § 1748f.) The assessor placed an assessment of $1,235,190 on El Toro's possessory interests in land and improvements and $39,000 on the ''personal property'' consisting of ranges, refrigerators, and garbage disposal units, and levied taxes thereon of $44,869.28. El Toro's application to the county board of equalization (Rev. & Tax. Code, §§ 1601-1615; 4986) for reduction of the valuation of its possessory interests in land and improvements and for cancellation of the assessment on personal property was denied.

The court found that the assessor valued the possessory interests in land by capitalizing imputed income, that he valued the possessory interests in buildings by deducting the present value of the government's reversion from the value of the fee and ascribing the difference to the lessee, and that he checked the values so obtained by analyzing anticipated income from the leasehold for 45 years following construction of the project. (These methods of valuation were used by the assessor in *Victor Valley Housing Corp. v. County of San Bernardino (ante,* p. 580 [290 P.2d 565]), and are described therein.) Deeming the ranges, refrigerators, and garbage disposal units personal property owned by the lessee, he assessed them at their market value less 30 per cent thereof to allow for the ratio of assessment value to market value. The court rejected El Toro's contentions that the ranges, refrigerators, and garbage disposal units were owned by the government and therefore were assessable only to the extent of El Toro's possessory interest in them, and that in estimating future earnings the assessing authorities should deduct either payments on the mortgage debts or amortization of the investment in the leasehold from anticipated gross income.

Since the assessor's imputed income analysis made no distinction between imputed gross income and imputed net income, and since valuation of the leasehold may be more adequately made by capitalizing anticipated earnings (*De Luz Homes v. County of San Diego, ante,* p. 546 [290 P.2d 544]), his valuation of the possessory interests in land and improvements cannot be sustained.

His assessment of the refrigerators, ranges, and garbage disposal units must also be disapproved. Valuation by analysis of anticipated earnings assumes that the entire present value of a given piece of property is the capitalized sum of future net income from the property. (See 1 Bonbright,

The Valuation of Property, ch. XI.) Since capitalized income represents the full value of the property, added amounts for separate parts of the property would be improper. In the present case, tenants rent dwelling-units equipped with screens, shades, ranges, refrigerators, and garbage disposal equipment and serviced by walks, roads, and other benefits, and their rentals therefore represent income from all of the property encompassed by the leasehold, and not merely the land and buildings. El Toro cannot charge additional rent for the ranges, refrigerators, and garbage disposal machinery, nor can it rent dwellings without such equipment. Anticipated subrentals, therefore, represent income from all of the property encompassed by the lease, and the present value of net subrentals represents the full value of the possessory interest. To tax that value and also the value of the ranges, refrigerators, and garbage disposal units, would be double taxation. (See Rev. & Tax. Code, § 102.)

The judgment is reversed with directions to the trial court to remand the proceedings to the county board of equalization for action in accord with the opinions expressed above and in *De Luz Homes* v. *County of San Diego* (*ante*, p. 546 [290 P.2d 544]) and *Victor Valley Housing Corp.* v. *County of San Bernardino* (*ante*, p. 580 [290 P.2d 565]). Each party shall bear its own costs on appeal.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied December 21, 1955.